J. A02043/20
J. A02044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MALANO DARNELL JONES, | : | No. 24 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 4, 2018,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001861-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MALANO DARNELL JONES, | : | No. 25 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 4, 2018,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001862-2017

BEFORE:  SHOGAN, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 03, 2020**

Malano Darnell Jones appeals, ***pro se***, from the December 4, 2018

judgments of sentence[1] entered by the Court of Common Pleas of Erie County

---

[1] These appeals were consolidated ***sua sponte***.  ***See*** Pa.R.A.P. 513.

following his convictions of two counts each of possession of a controlled substance with intent to deliver ("PWID") and possession of a controlled substance, and one count each of possession of drug paraphernalia, fleeing or attempting to elude officer, careless driving, and disorderly conduct.[2] After careful review, we affirm.[3]

The facts of this case are not germane to the disposition; therefore, we need not include them. The procedural history of this case is as follows: The Commonwealth charged appellant with the above-referenced crimes at trial court Docket Nos. CP-25-CR-0001861-2017 (two counts each of PWID and possession of a controlled substance and one count of possession of drug paraphernalia) and CP-25-CR-0001862-2017 (fleeing or attempting to elude officer, careless driving, and disorderly conduct) as the result of an incident occurring on April 26, 2017. Because the charges stem from the same set of facts, the two docket numbers were consolidated for trial. (**See** trial court opinion, 4/30/19 at 1.)

Following a trial, in which appellant appeared ***pro se***,[4] a jury convicted appellant of the aforementioned offenses, with the exception of disorderly

---

[2] 35 P.S. §§ 780-113(a)(30), (16), and (32), 75 Pa.C.S.A. §§ 3733(a) and 3714(a), and 18 Pa.C.S.A. § 5503(a)(4), respectively.

[3] We note that the Commonwealth did not file a brief at either docket number in this case.

[4] The trial court held a **Grazier** hearing on April 5 and 6, 2018. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

conduct and careless driving,[5] on April 17, 2018. The trial court imposed sentence on June 5, 2018. Appellant filed timely ***pro se*** post-sentence motions, in which he alleged multiple trial court errors and requested a new trial. On July 5, 2018, the trial court granted appellant's post-sentence motions, vacated his judgment of sentence, and granted appellant a new trial.

Following the second trial, in which appellant appeared ***pro se***,[6] a jury convicted appellant of the aforementioned offenses, with the exception of careless driving on October 8, 2018. The trial court convicted appellant of careless driving. On December 4, 2018, the trial court sentenced appellant to an aggregate term of 9 to 23½ months' incarceration, to be followed by two years' probation.

Appellant filed timely counseled notices of appeal on January 3, 2019.[7] The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely

---

[5] The disorderly conduct charge was not considered by the jury during the April 17, 2018 trial. (***See*** notes of testimony, 4/17/18 at 137.) The trial court convicted appellant of careless driving. (***See id.*** at 140.)

[6] The trial court held a ***Grazier*** hearing on July 24, 2018. Khadija W. Horton, Esq., of the Erie County Public Defender's Office, served as standby counsel at trial and sentencing.

[7] We note that appellant filed two separate notices of appeal in compliance with our supreme court's directive in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal from an order resolving issues arising on more than one docket).

complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

On May 21, 2019, appellant filed a *pro se* amended concise statement of errors complained of on appeal, in addition to a *pro se* motion for counsel to withdraw so that appellant could proceed *pro se* on direct appeal. The trial court held a *Grazier* hearing on July 30, 2019. Following the *Grazier* hearing, the trial court granted appellant's motion and counsel withdrew her appearance. The record further reflects that counsel filed an application to withdraw as counsel with this court, which we granted on August 9, 2019.

Appellant raises the following issues for our review:

1. Whether the trial court committed an abuse of discretion and/or error of law when it denied appellants [sic] motion to suppress where appellant was not the target of the investigation and where there was no probable cause to arrest and detain the appellant, nor was the appellant mentioned in the four corners of the search warrant?

2. Whether the trial court committed an abuse of discretion and/or error of law when it denied appellants [sic] motion to suppress where there was no search warrant or affidavit filed on record with the clerk of court [sic] pursuant to the rule?

Appellant's brief at 4.[8]

---

[8] Appellant filed identical briefs at both docket numbers; however, he only challenges the search relating to the drug offenses charged at trial court Docket No. CP-25-CR-0001861-2017.

In his first issue, appellant contends that a search warrant issued for a search of 3425 Maple Street, Erie, Pennsylvania, "made no mention of [] appellant either committing a crime or being a suspect for drug activity at this residence or a resident of the residence in question." (*Id.* at 7.) Appellant further argues that the "officers in this case who arrested [] appellant had no probable cause to believe that [] appellant committed a crime or was in the process of committing a crime, when they pulled appellant over, one that would justify the arrest and detention of [] appellant." (*Id.*)

"It is well-established that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017) (citation, quotation marks, and brackets omitted); ***see also Commonwealth v. Charleston***, 94 A.3d 1012, 1022 (Pa.Super. 2014), citing ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007) ("We shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument . . ."); ***Coulter v. Ramsden***, 94 A.3d 1080, 1089 (Pa.Super. 2014), ***appeal denied***, 110 A.3d 998 (Pa. 2014) (citations omitted). Finally, we note that while Pennsylvania appellate courts historically have liberally construed materials filed by ***pro se*** litigants, a litigant's ***pro se*** status does not entitle the litigant to any special benefit. ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014), ***cert. denied sub nom. Blakeney***

***v. Pennsylvania***, 135 S.Ct. 2817 (2015). "[A] court cannot be expected to become a litigant's counsel or find more in a written ***pro se*** submission than is fairly conveyed in the pleading." ***Id.***

Aside from two cursory references to our Rules of Criminal Procedure, appellant fails to develop his argument further than his broad claims noted above. Accordingly, appellant waived his first issue on appeal.

In his second issue, appellant argues that the trial court abused its discretion when it denied appellant's suppression motion because a search warrant and affidavit were not filed with the Erie County Clerk of Courts. (Appellant's brief at 8.)

This issue is not included in the concise statement of errors complained of on appeal filed by appellant's counsel prior to the July 30, 2019 ***Grazier*** hearing. Likewise, appellant failed to include this issue in his ***pro se*** amended concise statement of errors complained of on appeal. Issues not included in a Rule 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii). Indeed, our supreme court has also stated that, "[a]ny issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). Accordingly, appellant's second issue is waived on appeal.

Even if appellant were to have preserved this issue in his Rule 1925(b) statement, we would nonetheless find waiver. Indeed, in his one-paragraph argument, appellant baldly claims that the search warrant at issue was not

J. A02043/20
J. A02044/20

filed with the Erie County Clerk of Courts. Appellant fails to develop his argument any further with citations to the record or relevant case law, thereby necessitating waiver. ***See***, ***e.g.***, ***Tchirkow***, 160 A.3d at 804.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/03/2020